UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-340 (MJD)
Criminal No. 11-386 (MJD)

UNITED STATES OF AMERICA,

        Plaintiff,

                      **ORDER OF DETENTION**

   v.

OKWUCHUKWU EMMANUEL JIDOEFOR,

        Defendant.

The two matters captioned above came before the Court on August 10, 2020, for a preliminary revocation hearing, in Criminal No. 11-386, and for a detention hearing in both matters. The defendant consented to appear by Zoom because of the COVID-19 pandemic. Robert D. Richman appeared by Zoom for the defendant. The United States was represented by Assistant United States Attorney David J. MacLaughlin, who also appeared by Zoom.

In Criminal No. 16-340, Defendant Okwuchukwu Emmanuel Jidoefor is charged in a Second Superseding Indictment with one count of conspiracy to commit mail and wire fraud, and with one substantive count of mail fraud. In Criminal No. 11-386, the probation office has filed a petition alleging that Mr. Jidoefor violated the conditions of his release in that case by committing the offenses charged in the Second Superseding Indictment.

The Court held a preliminary revocation hearing and determined, based upon the filing of the Second Superseding Indictment in Criminal No. 16-340, that there was probable cause to believe that Mr. Jideofor violated the conditions of his release in Criminal

No. 11-386 by committing new offenses while on release, specifically, conspiracy to commit mail and wire fraud, and mail fraud.

The Court then proceeded to hold a detention hearing in both matters. It considered the government's motion for detention in Criminal No. 16-340 under the Bail Reform Act, and considered the government's motion for detention in Criminal No. 11-386 under Title 18, United States Code, Section 3143, and Federal Rule of Criminal Procedure 32.1(a)(6). Based upon the government's proffer at the detention hearing, and on the arguments of counsel, the Court finds that, in Criminal No. 16-340, the government has satisfied its preponderance burden of showing that there are no conditions or combination of conditions of bond that will reasonably ensure the defendant's appearance in court.1  In Criminal No. 11-386, the Court finds that Mr. Jidoefor failed to meet his burden of showing by clear and convincing evidence that he will not flee.  *See* FRCP 32.1(a)(6).  Accordingly, the Court will grant the government's motions for detention in both matters.

## DISCUSSION

At the detention hearing, the government proffered that the defendant knew, at least as early as February 22, 2017, that he was a target of an investigation of Minnesota chiropractors who used illegal "runners" to recruit patients and then bill insurance carriers for the resulting services. Specifically, the government proffered that, on February 22, 2017, a Special Agent with the Minnesota Commerce Fraud Bureau personally served a target letter on Mr. Jidoefor at the Federal Café in the Minneapolis Courthouse.  During

---

1 The Court found, however, that the government did not satisfy its clear-and-convincing burden of showing that the defendant presents a danger to the community.

the detention hearing, Mr. Jidoefor, through counsel, acknowledged that Mr. Jidoefor was aware of the investigation.

On August 15, 2017, the government obtaining a Second Superseding Indictment alleging that Mr. Jidoefor was a "runner" for one of the chiropractor defendants in the investigation, and was involved in staging accidents to create insurance claims. The Court issued a summons to Mr. Richman that required Mr. Jidoefor to make his first appearance before Magistrate Judge Becky R. Thorson on September 1, 2017. Mr. Richman appeared at the hearing before Judge Thorson, but Mr. Jideofor did not.

Instead, Mr. Jideofor became a fugitive. Specifically, Mr. Jideofor eventually made his way to the State of New Jersey, where he lived under the alias, "Hamza Ejifor." The government proffered that Mr. Jideofor was arrested on June 29, 2020 as "Hamza Ejifor" on suspicion that Mr. Jideofor was stealing from or committing a fraud against Home Depot in New Jersey.

Based on these facts, the Court concludes that the government has satisfied its preponderance burden of showing that no condition or combination of conditions will reasonably assure Mr. Jideofor's appearance in Court as this matter proceeds.

Further, in Criminal No. 11-386, Mr. Jidoefor has the burden of showing by clear and convincing evidence that he will not flee. *See* FRCP 32.1 (In a revocation proceeding, "[t]he burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person"). In view of Mr. Jidoefor's flight from prosecution, and use of an alias name, he has not met his burden of showing he will not flee.

3

CONCLUSION

Based upon the foregoing, the Court concludes that the government has shown by a preponderance of the evidence that no condition or combination of conditions of bond will reasonably ensure the defendant's appearance in court. As well, detention is warranted under Rule 32.1(a)(6) and 18 U.S.C. Section 3143 in the revocation matter. Accordingly,

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of defendant is granted;

2. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: August 11, 2020      *s/Elizabeth Cowan Wright*
                             Elizabeth Cowan Wright
                             United States Magistrate Judge