UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 16-340 (MJD/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Okwuchukwu Emmanuel Jidoefor (4), | |
| Defendant. | |

Chelsea A. Walcker, Esq., and David J. MacLaughlin, Esq., Assistant United States Attorneys, counsel for Plaintiff.

Robert D. Richman, Esq., counsel for Defendant.

This matter is before the Court on Defendant Okwuchukwu Emmanuel Jidoefor's Pro Se Motion for Substitute Counsel. (Doc. No. 515.) Therein, Defendant asserts that he should be assigned substitute counsel because his current defense counsel has been ineffective in representing his interests. The Government filed a memorandum opposing, among other things, that motion. (Doc. No. 522.) The Court held a hearing on this motion on October 28, 2020. (*See* Doc. No. 524.) At the hearing, the Court conducted an ex parte examination of Defendant and his defense counsel concerning the circumstances of defense counsel's representation. At that time, Defendant additionally alleged that substitute counsel is necessary because his current defense counsel has a conflict of interest, and the Court accepted additional documents submitted by Defendant. (*See* Doc. No. 523.) The Court concluded the ex parte examination and informed the parties that it

would take Defendant's motion under advisement. The Court also informed the Government that defense counsel acknowledged a breakdown in communications, and for that reason only, joined in Defendant's motion for appointment of substitute counsel.

To succeed on a motion for substitution of counsel, a criminal defendant must show "justifiable dissatisfaction," such as "a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." *United States v. Jones*, 795 F.3d 791, 796 (8th Cir. 2015); *see also United States v. Taylor*, 652 F.3d 905, 908 (8th Cir. 2011). "When faced with a motion to appoint substitute counsel, the district court must balance several factors, including the need to ensure effective legal representation, the need to thwart abusive delay tactics, and the reality that a person accused of crime is often genuinely unhappy with an appointed counsel who is nonetheless doing a good job." *United States v. Kelley*, 774 F.3d 434, 438 (8th Cir. 2014).

Here, the Court finds that there is no evidence that defense counsel has been ineffective. Specifically, the Court notes that defense counsel has met with Defendant via Zoom and telephone on many occasions, has returned Defendant's telephone calls, and has otherwise actively worked on behalf of Defendant. Nor does the Court find a conflict of interest. After hearing Defendant's arguments during the ex parte examination, defense counsel stated that he was willing and able to serve as Defendant's counsel, but that Defendant's feelings about him—even if unsupported—would make it difficult to communicate moving forward. Counsel thus joined Defendant's motion for that limited reason. Accordingly, while the Court finds no evidence that defense counsel has been

ineffective or that a conflict of interest exists, the Court nonetheless finds that there is a complete breakdown in communication between defense counsel and Defendant. Substitution of defense counsel is therefore warranted.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Motion for Substitute Counsel (Doc. No. 515) is **GRANTED IN PART** and **DENIED IN PART**;

2. **S**ubstitute counsel shall be appointed as soon as possible to continue the representation of Defendant before the Court; and

3. Defendant's letter request seeking substitute counsel (Doc No. 514) is **DENIED** as moot.

Date:  November 2, 2020

 *s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge