# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,

v.

Okwuchukwu Emmanuel Jidoefor (4),

        Defendant.

Crim. No. 16-340 (PJS/BRT)


**ORDER**

---

Ana H. Voss, Esq., Chelsea A. Walcker, Esq., Craig R. Baune, Esq., David J. MacLaughlin, Esq., David Michael Maria, Esq., and John E. Kokkinen, Esq., Assistant United States Attorneys, counsel for Plaintiff.

Kenneth U. Udoibok, Esq., Kenneth Ubong Udoibok, P.A., counsel for Defendant.

---

This matter is before the Court on Defendant Okwuchukwu Emmanuel Jidoefor's pretrial motions. Based on the file and documents contained therein, the Court makes the following Order:

1.    **Government's Motion for Discovery.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. The Government requests that the Court order that expert disclosures, if any, be made by both parties 30 days prior to trial, and any rebuttal expert disclosures be made no later than 10 days before trial. In addition, the Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R.

Crim. P. 12.2, if Defendant plans to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.3 if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant has filed no objection to the motion. Therefore, Defendant is hereby ordered to comply with his discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery **(Doc. No. 496)** is **GRANTED**. The parties shall disclose expert witness information at least **thirty days** prior to trial; any rebuttal experts must be noticed, and any rebuttal expert disclosures be produced, no later than **10 days** before trial.

2. **Defendant's Motion for Compliance with Federal Rule of Criminal Procedure 16.** Defendant seeks an order pursuant to Rule 16 requiring the Government to disclose or continue to disclose all written, recorded, or oral statements made by Defendant, the substance of any oral statements made by Defendant, and Defendant's prior record. In addition, Defendant asks for discovery of certain objects, including photographs, which are material to the preparation of his defense or are intended for use by the Government in its case-in-chief, and the results of any physical or mental examinations, and of scientific tests or experiments. Defendant also requests a written summary of all testimony the Government intends to introduce pursuant to Federal Rules of Evidence 702, 703, or 705, a description of the witnesses' opinions, and a description

of the witnesses' qualifications. The Government agrees to provide all Rule 16 information, and represents that it shall make the required expert witness disclosures no later than thirty days before trial. Defendant's Motion for Discovery **(Doc. No. 508)** is **GRANTED** to the extent that the motion conforms to the scope of Rule 16.

3. **Defendant's Motion for Disclosure of 404 Evidence.** Defendant moves for disclosure of any evidence the Government intends to offer at trial pursuant to Fed. R. Evid. 404(b). Defendant requests that such information be disclosed thirty days before trial. The Government agrees to provide notice of any Rule 404(b) evidence it intends to use at trial no later than two weeks prior to trial, to the extent it has not already been disclosed. Defendant's Motion for Pretrial Disclosure of Rule 404 Evidence **(Doc. No. 509)** is **GRANTED IN PART** to the extent that the Government must disclose any evidence subject to Fed. R. Evid. 404(b) at least **fourteen days** before trial.

4. **Defendant's Motion to Compel Disclosure of Evidence Favorable to Defendant.** Defendant moves the Court for an order compelling the Government to disclose evidence favorable to the defense, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government represents that it is aware of its obligations under *Brady* and *Giglio*, and agrees to provide such information to the extent required by *Brady*, *Giglio*, and their progeny. The Government objects to Defendant's motion to the extent its requests are overbroad or seeks material whose discovery is not authorized by *Brady*.

Defendant's Motion to Compel Disclosure of Evidence Favorable to Defendant **(Doc. No. 510)** is **GRANTED** to the extent that the Government must continue to

comply with its disclosure obligations under *Brady*, *Giglio*, and their progeny. Within 10 days of the date of this order the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this order and must promptly supplement its disclosure upon receipt of any additional such information not previously disclosed. The Government shall also disclose witness information, including impeachment evidence, prior to trial.

**5.    Defendant's Motion for Government Agents to Retain Rough Notes.**

Defendant moves for an order requiring any agent, including any confidential reliable informant, to retain and preserve rough notes taken as a part of their investigation. The Government does not object to the motion. Defendant's Motion for Government Agents to Retain Rough Notes **(Doc. No. 511)** is **GRANTED** to the extent that agents retained such records and evidence while investigating Defendant. Disclosure of rough notes is not required by this Order.

**6.    Motion for Early Disclosure of Jencks Act Material.** Defendant moves for an order requiring the Government's early compliance with the Jencks Act, specifically requesting disclosure at least ten days prior to the commencement of trial. The Jencks Act generally provides that the Government may not be compelled to disclose witness statements and reports prior to presentation of the witness' testimony at trial. Because the statute plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case,"

Defendant's Motion for Early Disclosure of Jencks Act Materials **(Doc. No. 512)** is

**DENIED**. However, nothing in this Order precludes the Government from making

Jencks Act material available to Defendant three days prior to trial as is customary in this

District.

7.     **Defendant's Pro Se Discovery Motions.** Defendant has filed three pro se

discovery motions in addition to those filed through counsel. (Doc. Nos. 518, 519, 520.)

The Court, however, "will not consider Defendant's pro se discovery motions because he

is currently represented by counsel." *United States v. Randle*, No. CR 19-50 ADM/TNL,

2020 WL 2112297, at *1 (D. Minn. May 4, 2020) (citing *United States v. Agofsky*, 20

F.3d 866, 872 (8th Cir. 1994) ("[t]here is no constitutional or statutory right to

simultaneously proceed pro se and with the benefit of counsel")). Accordingly,

Defendant's Pro Se Motion for Disclosure **(Doc. No. 518)**, Pro Se Motion for Discovery

Review **(Doc. No. 519)**, and Pro Se Motion to Disclose and Make Informants Available

for Interview **(Doc. No. 520)** are **DENIED** without prejudice.

8.     **The Motions at Doc. Nos. 102 and 105.** Finally, the Court turns to two

discovery motions that have been pending on the docket since August 2017. The first of

these, a Motion for Discovery by the Government (Doc. No. 102), has now been

superseded by the Government's Motion for Discovery (Doc. No. 496) discussed above.

Accordingly, the Government's Motion for Discovery Pursuant to Federal Rules of

Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 **(Doc. No. 102)** is **DENIED** as moot.

The second of the August 2017 filings is a discovery motion filed by Defendant. Because

this Court assumes that Defendant's current pretrial motions encompass the discovery he

seeks, Defendant's Motion for Disclosure of Documents to Defense Counsel (**Doc. No. 105**) is **DENIED** without prejudice.

**SO ORDERED**.

Date:  February 26, 2021

 *s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge