UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-340(4) (MJD/BRT)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| OKWUCHUKWU EMMANUEL | ) | |
| JIDOEFOR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the United States' Motion to Exclude Time Under the Speedy Trial Act (Doc. No. 626), pursuant to 18 U.S.C. § 3161(h)(7), to exclude the time period of May 2, 2021 through January 3, 2022 from the Speedy Trial Act computations in this case.

Upon consideration of the motion, the reasons stated therein, and the record before it, the Court makes the following findings:

1.     Defendant made his initial appearance in this proceeding on August 10, 2020.  (Doc. No. 488.)  Under the Speedy Trial Act, Defendant's trial was set for October 13, 2020 (Doc. No. 489), which is within 70 days of August 10, 2020.  *See* 18 U.S.C. § 3161(c)(1) (providing that trial must commence within 70 days from the date the indictment was filed or from the date of the defendant's initial appearance, whichever is later).

2.     On August 31, 2020, Defendant filed a Motion to Exclude Time Under the Speedy Trial Act (Doc. No. 498), requesting that the time period of August 28,

2020 through October 26, 2020 be excluded from the Speedy Trial Act computations in this case.  The Court granted that motion on September 3, 2020.  (Doc. No. 503.)

3.     Pursuant to the Court's February 26, 2021 Order and General Order No. 26, the time period between March 17, 2020 and May 2, 2021 was excluded under the Speedy Trial Act due to the exigencies presented by the COVID-19 global health pandemic.  (Doc. No. 564; *see also* General Order No. 26, https://www.mnd.uscourts. gov/sites/mnd/files/2021-0212_COVID-19-General-Order-No26.pdf.)   On September 3, 2021, the Court issued General Order No. 30, which provides that criminal jury trials may be continued until the date that the criminal jury trial commences due to delays attributable to the COVID-19 pandemic.   (*See* General Order No. 30, https://www.mnd.uscourts.gov/ sites/mnd/files/2021-0903_COVID-19-General-Order-No30.pdf.)     Due to the challenges created by COVID-19 and the need to hold only a limited number of jury trials at the same time, the Court is unable to commence a jury trial until at least January 3, 2022.  For the reasons addressed in General Order No. 30 and the well-documented concerns about COVID-19, the jury trial must take place sometime after January 3, 2022, and the Court specifically finds that the ends of justice served by ordering the extension outweighs the best interests of the public and any defendant's right to a speedy trial, under 18 U.S.C. § 3161(h)(7)(A).  In addition, under 18 U.S.C. § 3161(h)(7)(B)(i), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances.

4.     Trial in this case has been delayed due to Defendant's fugitive status from September 1, 2017, when he failed to appear for his initial appearance in this proceeding, until June 29, 2020, when he was discovered and arrested in New Jersey under the name "Hamza Ejifor." (*See* Doc. No. 493.)

5.     Trial in this case has been delayed due to Defendant's numerous substitutions of counsel.  On August 6, 2020, the Court appointed Robert Richman as counsel for Defendant. (Doc. No. 485.)  On October 7, 2020, Defendant filed a pro se motion to substitute his counsel, Mr. Richman.  (Doc. No. 514.) On November 5, 2020, the Court appointed Kenneth U. Udoibok as substitute counsel for Defendant.  (Doc. No. 526.)  On March 3, 2021, Mr. Udoibok filed a motion to withdraw pursuant to Defendant's request.  (Doc. No. 565.)  On April 21, 2021, the Court appointed James M. Ventura as substitute counsel for Defendant.  (Doc. No. 570.)  On June 4, 2021, Mr. Ventura filed a motion to withdraw as counsel based a potential conflict of interest.  (Doc. No. 577.)  On June 22, 2021, the Court appointed Jordan S. Kushner as substitute counsel for Defendant.   (Doc. No. 582.)   On August 31, 2021, Mr. Kushner filed a motion to withdraw as counsel pursuant to Defendant's request. (Doc. No. 625.)

6.     The pending motions before this Court make it impossible to schedule a trial in this matter on or before January 3, 2022, without prejudicing the interests of justice in this case.  Currently pending before this Court are Defendant's motion for a competency evaluation (Doc. No. 594), his pro se motion to re-open pretrial motions

(Doc. No. 573), his sealed ex parte motion (Doc. No. 589), and his counsel's motion to withdraw as counsel (Doc. No. 625).

7.     A continuance also will allow Defendant's recently appointed counsel to adequately prepare for trial in this proceeding.

8.     The ends of justice served by granting the motion outweigh the interests of the public and Defendant in a speedy trial.

Based on the foregoing, **IT IS HEREBY ORDERED** that the motion exclude time under the Speedy Trial Act from May 2, 2021 through January 3, 2022 (Doc. No. 626), is **GRANTED**.  Accordingly, the time period between March 17, 2020, or the date of the indictment, whichever is later, and date of trial will be excluded until January 3, 2022, upon which time the Court will determine whether to extend the deadlines and exclude additional time under the Speedy Trial Act, will be excluded under the Speedy Trial Act, absent further order of the Court.

Dated:  September 10, 2021                          s/Michael J. Davis
                                                                   Michael J. Davis
                                                                   United States District Court