UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          **MEMORANDUM OF LAW & ORDER**
                            Criminal File No. 16-340 (MJD/BRT)

(4) OKWUCHUKWU EMMANUEL JIDOEFOR,

    Defendant.

David J. MacLaughlin and Chelsea A. Walcker, Assistant United States Attorneys, Counsel for Plaintiff.

Jordan S. Kushner, Law Office of Jordan S. Kushner, Counsel for Defendant.

## I. INTRODUCTION

This matter is before the Court on the defense Motion for Competency Evaluation [Docket No. 594]; Pro Se Motion to Proceed Pro Se and Requesting a Faretta Hearing [Docket No. 639]; the Government's Motion for Hearing to Determine Defendant's Mental Competency to Stand Trial [Docket No. 643]; Second Motion for Withdrawal as Counsel [Docket No. 649]; and Defendant's Motion for Assistance of Interpreter [Docket No. 650]. The Court heard oral

1

argument on the requests for a competency exam on October 14 and November 10, 2021.

## II.     DISCUSSION

### A.     Motion for Assistance of Interpreter

For the reasons thoroughly explained in the Court's October 14, 2021 Order [Docket No. 634] and based on the Court's extensive experience with Defendant over many years and extended proceedings, Defendant is not entitled to an interpreter in this matter.

### B.     Pro Se Motion to Proceed Pro Se and Requesting a Faretta Hearing and Second Motion for Withdrawal as Counsel

"Before allowing a defendant to waive his right to counsel, a court must be satisfied that the defendant is competent to do so."  United States v. Washington, 596 F.3d 926, 940 (8th Cir. 2010) (citation omitted).  Therefore, the Court must address the motions for a competency exam before addressing Defendant's motion to proceed pro se.  Defendant's request to proceed pro se will be addressed after the Court has determined whether Defendant is competent to proceed.

> The Second Motion for Withdrawal as Counsel provides that Defendant
>
> has requested that the undersigned counsel inform the Court (in a public filing), that he does not believe he can adequately

communicate or work with undersigned counsel, that he does not trust undersigned counsel, and believes that undersigned counsel is conspiring with the government.

The Court refers to its October 14 Order regarding the motion to withdraw. Defendant has provided no new basis upon which to grant the motion at this time. Defendant's current refusal to leave his cell in order to communicate with counsel is not a basis for justifiable dissatisfaction with counsel. The motion is denied without prejudice.

### C. Requests for Competency Evaluation

Based upon the Court's observation of Defendant during multiple pretrial hearings, the often irrational arguments appearing in Defendant's filings in this and another recent case in this District, the observations and concerns of Defendant's previous and current defense counsel regarding Defendant's apparent inability to understand the charges against him and the system, the observations and concerns of the Government, Defendant's behavior while in pretrial custody that appears oftentimes irrational and is sometimes dangerous to himself, and Defendant's actions today refusing to leave his cell in order to be transported to the courthouse to meet with his attorney, as Defendant previously requested that he be permitted to do, the Court finds "reasonable cause to believe that the defendant may presently be suffering from a mental disease or

defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Therefore, the Court orders a psychiatric or psychological evaluation be conducted of Defendant, pursuant to 18 U.S.C. §§ 4241 and 4247, and that a report of that evaluation be filed with the Court. A competency hearing shall be scheduled after the Court receives the final report.

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Assistance of Interpreter [Docket No. 650] is **DENIED**.

2. Second Motion for Withdrawal as Counsel [Docket No. 649] is **DENIED** without prejudice.

3. The defense Motion for Competency Evaluation [Docket No. 594] and the Government's Motion for Hearing to Determine Defendant's Mental Competency to Stand Trial [Docket No. 643] are **GRANTED**.

4. Defendant Okwuchukwu Emmanuel Jidoefor is committed to the custody of the Attorney General for a reasonable period, not to exceed 45 days, for a psychiatric or psychological examination to determine Defendant's competency to proceed in this matter pursuant to 18 U.S.C. § 4241(b). This examination is to be conducted in a suitable facility close to the Court, unless impracticable. The Court recommends FMC

Rochester as the Federal Medical Facility where the psychiatric or psychological examination should be conducted. If the Attorney General believes that the only practicable location for evaluation is outside the State of Minnesota, the Attorney General shall report that determination to the Court prior to the designated date for the commencement of the evaluation.

5. Pursuant to 18 U.S.C. § 4241(b), after such examination is conducted, a psychiatric or psychological report shall be filed with the Court.

6. The hearing set for November 30, 2021 is **CANCELLED**.

7. The Court finds that the interest in having the proceedings against Defendant be informed by an understanding of his mental condition outweighs the interests of the public and Defendant in a speedy trial, and that the delay that may result from this evaluation shall be excluded in computing the time within which the trial of this case must commence, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B).

Dated: November 23, 2021            s/Michael J. Davis
                                    Michael J. Davis
                                    United States District Court