UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                        **MEMORANDUM OF LAW & ORDER**
                          Criminal File No. 16-340 (MJD/BRT)

(4) OKWUCHUKWU EMMANUEL JIDOEFOR,

    Defendant.

David J. MacLaughlin and Chelsea A. Walcker, Assistant United States Attorneys, Counsel for Plaintiff.

Jordan S. Kushner, Law Office of Jordan S. Kushner, Counsel for Defendant.

## I. INTRODUCTION

This matter is before the Court for a competency hearing pursuant to the Court's November 23, 2021 Order [Docket No. 658] granting the defense Motion for Competency Evaluation [Docket No. 594] and the Government's Motion for Hearing to Determine Defendant's Mental Competency to Stand Trial [Docket No. 643]; and on the Pro Se Motion to Proceed Pro Se and Requesting a Faretta Hearing [Docket No. 639]; Defendant's Motion and Request for Substitute

1

Counsel [Docket No. 667]; and Defendant's Motion for Release from Custody [Docket No. 689]. The Court held a hearing on April 18, 2022.

## II. DISCUSSION

### A. Competency

Under 18 U.S.C. § 4241(a),

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant.
>
> At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A. The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

18 U.S.C. § 4247(d).

> After conducting a competency hearing, the Court must then make findings, by a preponderance of the evidence, concerning: (1) whether the defendant is "presently suffering from a mental disease or defect;" and (2) whether the mental disease or defect "render[s] him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

United States v. Thomas, No. CRIM. 12-128 (MJD/JJK), 2012 WL 5995122, at *1 (D. Minn. Nov. 30, 2012) (quoting 18 U.S.C. § 4241(d)). "The burden rests with the

2

defendant to demonstrate that he was not competent to stand trial. . . ." United States v. Denton, 434 F.3d 1104, 1112 (8th Cir. 2006).  "There are two elements to a competency finding: (1) whether the defendant has a rational as well as factual understanding of the proceedings against him, and (2) whether the defendant is able to consult with his lawyer with a reasonable degree of rational understanding."  United States v. Ghane, 593 F.3d 775, 780 (8th Cir. 2010) (citation omitted).

The Court-ordered competency evaluation ("Evaluation") was completed and provided to the parties on March 22, 2022.  On April 12, Defendant filed a letter requesting "prompt scheduling of the competency hearing."  [Docket 684] The Court scheduled the hearing for April 18 and ordered that the parties file their positions regarding competency by April 14.  [Docket No. 685]  At the competency hearing, Defendant objected to certain specific facts in the Evaluation, but he did not offer any basis to dispute the conclusion of the Evaluation that Defendant is competent to stand trial.  Nor did he offer any evidence to support a finding that he is not competent.  Nor did he subpoena any witnesses to testify on his behalf or testify on his own behalf.

The Court has carefully reviewed the Evaluation and the entire record in this case. The Court has also had the opportunity to observe and interact extensively with Defendant during multiple hearings. Based on all of the evidence, the Court finds that, by a preponderance of the evidence, Defendant has a rational as well as factual understanding of the proceedings against him, and Defendant is able to consult with his lawyer with a reasonable degree of rational understanding. Thus, the Court finds that Defendant is mentally competent to stand trial.

### B.     Pro Se Motion to Proceed Pro Se and Requesting a Faretta Hearing

On November 1, 2021, Defendant filed his Pro Se Motion to Proceed Pro Se and Requesting a Faretta Hearing. [Docket No. 639] "Before allowing a defendant to waive his right to counsel, a court must be satisfied that the defendant is competent to do so." United States v. Washington, 596 F.3d 926, 940 (8th Cir. 2010) (citation omitted). Therefore, the Court held Defendant's Motion to Proceed Pro Se in abeyance until after the competency evaluation was completed and the Court found Defendant competent to stand trial. During the April 18, 2022, hearing, the Court began the Faretta inquiry with Defendant. During the Faretta hearing, Defendant requested time to discuss matters with his counsel. After the Court took a 30-minute recess to permit Defendant and

4

defense counsel to consult, Defendant withdrew his Motion to Proceed Pro Se. Therefore, the motion is denied as moot.

### C.     Request for Substitute Counsel

Defendant's Motion and Request for Substitute Council [Docket No. 667], filed December 13, 2021, requests substitute counsel on the grounds that current counsel and Defendant have had irreconcilable "conflicts in personalities and dispositions" and that there has been a lack of professionalism, prejudice, breakdown of communication, poor behavior, and ineffective representation.

"A defendant must show justifiable dissatisfaction with appointed counsel in order to be granted a substitute."  United States v. Exson, 328 F.3d 456, 460 (8th Cir. 2003).  "Justifiable dissatisfaction sufficient to warrant new counsel includes a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant."  Id. (cleaned up). The decision whether to grant a motion for appointment of new counsel is within the discretion of the district court.  Id.  The defendant's right to counsel "does not include a right to a 'meaningful relationship' with counsel."  Id. (citation omitted).  And "frustration with appointed counsel's performance or disagreement with counsel's tactical decisions is not justifiable dissatisfaction." United States v. Taylor, 652 F.3d 905, 908 (8th Cir. 2011).  A defendant is "not

5

entitled to new counsel if his refusal to cooperate with [counsel] [i]s simply a stonewalling effort to select counsel of his own choice." Id. at 909 (citations omitted).

The Court refers to its October 14 Order regarding the motion to withdraw [Docket No. 634] and its November 23 Order regarding a subsequent motion to withdraw [Docket No. 658]. The Court reiterates that Defendant has previously claimed that there were breakdowns in communication with previous qualified defense counsel and that the Court will not reward any attempt by Defendant to stonewall his current counsel in an attempt to gain appointment of a fifth defense counsel. Defendant has failed to show justifiable dissatisfaction with his counsel's representation and has provided no basis upon which to grant the motion. The motion is denied.

### D.     Detention

Defendant filed a Motion for Release from Custody [Docket No. 689] requesting that the Court reopen the detention hearing and release Defendant from pretrial custody.

Under 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the

order," and the Court shall decide the motion "promptly."  This Court must conduct a de novo review of the record and of the Magistrate Judge's detention order.  18 U.S.C. § 3145(b); United States v. Maull, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc).  "When making its de novo review, the district court may rely on the record of the proceedings before the magistrate judge and may also accept additional evidence."  United States v. Marra, 165 F. Supp. 2d 478, 481 (W.D.N.Y.2001), aff'd 21 F. App'x 66 (2d Cir. 2001).  The Court has conducted a de novo review of the record.  Defendant submitted no additional evidence with his motion beyond the Declaration of Jordan S. Kushner and attached exhibit. [Docket No. 690]

     Under 18 U.S.C. § 3142(e), a defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will reasonably assure the defendant's appearance."  United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) (citations omitted).

> In determining if release conditions exist that will reasonably assure the appearance of a defendant at trial and the safety of the community, the court considers the following: (1) the nature and circumstances of the crime; (2) the weight of the evidence against the

7

defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual.

Abad, 350 F.3d at 797 (citing 18 U.S.C. § 3142(g)).

The Court has thoroughly reviewed the record and concludes that the Government showed by a preponderance of the evidence that no condition or combination of conditions will reasonably ensure Defendant's appearance for the reasons set forth in the Order of Detention [Docket No. 493]. Defendant has offered no new evidence or argument that would alter that analysis.

Based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

    1.    Defendant is competent to stand trial.

    2.    Defendant's Motion and Request for Substitute Council [Docket No. 667] is **DENIED**.

    3.    Defendant's Motion to Proceed Pro Se [Docket No. 639] is **DENIED AS MOOT**.

    4.    Defendant's Motion for Release from Custody [Docket No. 689] is **DENIED**.

Dated:  April 19, 2022        s/Michael J. Davis
                                            Michael J. Davis
                                            United States District Court